Daniei, Judge.
 

 According to the case made and agreed to by the parties, we think the opinion pronounced in the Superior Court, was correct.
 

 The act of
 
 1777, (Rev. ch.
 
 115, § 27",) declares that, “when any person who shall be an
 
 inhabitant
 
 of any other government, so that he cannot personally be served with
 
 process, shall bo
 
 indebted to any person,
 
 a resident of this State,
 
 and hath any estate within the same, any of the justices may grant an attachment against the estate of such
 
 foreign person,
 
 &c.”— The plaintiff is not a resident of this State, and does not come within the purview of this section, and therefore he was not authorized to attach the estate or pro • perty that might bo found.here, which belonged to the defendant who was also an inhabitant of another go-
 
 *512
 
 vcrnment. It is not pretended that the defendant left the State secretly, fraudulently, or with the design to avoid the ordinary process of the law. Therefore we are not called on to give an opinion whether a non-resident creditor could attach the estate of an absconding
 
 debtor, hy
 
 virtue of the twenty-fifth section of the said act. In putting a construction on a section of the attachment act of the State of New-York, which section is very similar to the twenty-seventh section of our act, the court said, “it is very well to give our own citizens a remedy over the property of their absent debtors, but it would be harsh and impolitic to extend this remedy to strangers, who might pursue the property here for the sole purpose of seizing it, and by tiiis means drive its owner to a settlément on very unequal terms, or compel him to litigate in a distant forum, when perhaps both parties, residing near each other, ought to be left to apply to the tribunals of tlieir own country.” (In the mater of Fitzgerald, 2
 
 Cains,
 
 Rep. 315.) In this case, now before us, it seems that the plaintiff was not authorized hy the act of Assembly, to issue an attachment against the estate of tlje defendant, and the judgment must be affirmed.
 

 Per Curiam. — JudgmeNT apeirmeb.